DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, following appellant's Alford[1] plea. Because we conclude that the trial court did not err in sentencing appellant, we affirm. *Page 2 
 {¶ 2} Appellant, Ted Johnson, was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b) and (B), and one count of gross sexual imposition, in violation of R.C. 2911.05. The rape charge stemmed from appellant's alleged sexual intercourse with his stepdaughter when she was eight years old, which was more than two years before the alleged disclosure. Appellant ultimately entered an Alford plea of guilty to the charge of rape, in violation of R.C. 2907.02(A)(1) and (B). The record indicates that appellant maintained his innocence, but chose to enter the Alford plea to avoid the possibility of receiving a life sentence under the original more serious charge. After reviewing the presentence investigation report, including a report from the Court Diagnostics and Treatment Center, the trial court sentenced appellant to ten years in prison, to be served consecutively to a twelve month sentence for his community control violation.
 {¶ 3} Appellant now argues the following sole assignment of error:
 {¶ 4} "The trial court violated Mr. Johnson's constitutional rights by imposing a sentence that was not the shortest authorized, and by imposing consecutive sentences."
 {¶ 5} In State v. Foster, the Supreme Court of Ohio, in striking down parts of Ohio's sentencing scheme, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Thus, an appellate court reviews felony sentences for an abuse of discretion. Id. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable and *Page 3 
not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. See Ports v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619.
 {¶ 6} Nonetheless, R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors, must still be considered by trial courts in sentencing offenders. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Finally, R.C. 2929.12 sets forth factors concerning the seriousness of the offense and recidivism factors.
 {¶ 7} In this case, the sentencing range for appellant's offense, a felony of the first degree, is from three to ten years. R.C. 2929.14(A)(1). The record indicates that, at the time of sentencing, appellant was on community control based on a domestic violence conviction in 2005. Appellant's blood test results showed positive for alcohol and marijuana, and he has a history of alcohol abuse and prior charges related to that abuse. *Page 4 
Before imposing sentence, the court specified that it considered the record, oral statements, victim impact statement, presentence investigation report and the factors under R.C. 2929.11 and 2929.12.
 {¶ 8} Appellant argues that the Ohio Supreme Court's decision inFoster, supra, changed the legislative scheme and "crafted a remedy that is more significant and severe [than] that contemplated by the statute." As a district appellate court, however, we are bound by and must apply the law as set forth by the Supreme Court of Ohio. Thus, since the trial court's sentence was within the range for the offense and the court was not required to provide any supporting factors for imposing the maximum or consecutive sentences, appellant's argument is without merit. Therefore, we cannot say that the trial court abused its discretion.
 {¶ 9} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 10} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 5 
Peter M. Handwork, J., Mark L. Pietrykowski, J., William J. Skow, P.J., CONCUR.
[1] North Carolina v. Alford (1970), 400 U.S. 25. *Page 1